FILED
SUPERIOR COURT
OF GUAM

2023 OCT 25 PM 12: 30

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CM0023-23** |
| | ) | GPD Report No.: 22-25367/ 22-25368 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | DENYING DEFENDANT'S MOTION |
| PATRICK JAMES FLORES UNCANGCO, | ) | TO DISMISS WITH PREJUDICE |
| DOB: 03/26/1989 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon for a hearing on July 28, 2023, on Defendant Patrick James Flores Uncangco's ("the Defendant) Motion to Dismiss With Prejudice (the "Motion"). Present at the hearing were Defendant, defense counsel Rachel Taimanao-Ayuyu ("Attorney Taimanao-Ayuyu") and Assistant Attorney General Grant Olan. Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule No. 06-001. After considering the pleadings on file with the Court, the parties' argument during the hearing, and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order DENYING the Defendant's Motion to Dismiss with Prejudice.

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 1 of 9

## FACTUAL & PROCEDURAL BACKGROUND

The Defendant is charged with Two (2) Counts of Assault (As a Misdemeanor). Magistrate's Compl. (Jan. 21, 2023). These charges stem from the Defendant allegedly punching and striking Si-Jei Lu ("Lu") and Christopher Quitugua ("Quitugua") several times. *Id.*, Aff. of Probable Cause (Jan. 21, 2023).

The allegations are as follows: On or about October 1, 2022, officers were dispatched to The Drop in Tumon. Id. The officers spoke to Quitugua who told them that he was assaulted by Defendant. *Id.* Officers noted that Quitugua's left ear was bleeding. *Id.* Quitugua told police he exited the bar and saw the Defendant and others attacking Lu, who was on the ground. *Id.* When Quitugua attempted to separate the individuals, the Defendant struck him several times towards the left side of his face. *Id.* Lu informed officers that two individuals were fighting outside of the bar and Lu tried to break them up. *Id.* Lu said that a male in a white shirt then punched Lu several times. *Id.* Officers noted that Lu's left eye was swollen, bruised, and closed shut. *Id.* Police spoke to Jonathan Hsieh (Witness) who said that the Defendant assaulted both victims. *Id.* Hsieh provided police a photo of the Defendant where he was wearing a white shirt. *Id.*

At the magistrate's hearing on January 21, 2023, the Public Defender Service Corporation (PDSC) was appointed to represent Defendant. *See* Notice of Court Appointed Counsel, Jan. 21, 2023. On the same day, the Defendant was released on a $5,000.00 personal recognizance bond and issued release conditions. *See* Order of Conditional Release and Appearance Bond, Jan. 21, 2023. On February 2, 2023, Attorney Taimanao-Ayuyu filed an Entry of Appearance on behalf of Defendant and requested "[a]ll discovery, notices, pleadings, correspondences and other materials relevant to this action ... be directed and served upon the Law Office of Rachel

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 2 of 9

Taimanao-Ayuyu … ." *See* Entry of Appearance, Feb. 2, 2023. On February 8, 2023, during the Arraignment hearing, defense counsel, Attorney Charles McDonald covering for Attorney Taimanao-Ayuyu requested discovery. *See* Arraignment Hr'g Minutes Entry, Feb. 8, 2023.

On April 14, 2023, the Defendant filed his Motion to Dismiss ("Motion") and Declaration of Counsel ("Declaration"). In his Motion, the Defendant requests the Court to dismiss the charges with prejudice based on purported violations of the Defendant's constitutional and statutory rights to adequately prepare a defense and failure to disclosure discovery. The Defendant argues that the People have failed to provide discovery after numerous requests to do so. In the Declaration, Attorney Taimanao-Ayuyu attested that she communicated by telephone and email correspondence with Assistant Attorney General Matthew Shuck requesting discovery on March 17, 2023, and once again on March 24, 2023.

On April 17, 2023, the Court issued its Criminal Trial Scheduling Order (CTSO) with the following deadlines:

1. Mutual Discovery must be exchanged pursuant to 8 GCA §§ 70.10 and 70.25 and Motions to Compel Discovery are due by July 24, 2023
2. All motions and witness lists by the parties are due by July 31, 2023
3. Pre-trial conference is set for September 5, 2023 at 11:00AM
4. Jury Selection and Trial is set for September 13, 2023 at 1:30PM

*See* Criminal Trial Scheduling Order (Apr. 17, 2023). The Court notes that, although the CTSO had been signed and executed by the Court on February 21, 2023, it had not been processed (for unknown reasons) until April 17, 2023.

On May 1, 2023, the People filed its Opposition to Dismiss ("Opposition") arguing that any prejudice suffered by the Defendant for not having discovery in his possession cannot be attributed to the People. The People indicate that discovery was provided to PDSC – defendant's

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 3 of 9

then-court appointed counsel) as required under the statute on January 28, 2023. The People included a copy of an email from PDSC staff confirming receipt of discovery on January 30, 2023. See Exhibit to Peoples Opposition to Dismiss (May 1, 2023).

During the Motion hearing, Defense Counsel acknowledged that she did not request Defendant's prior counsel to forward the discovery they received from the prosecution and also confirmed that no Motion to Compel Discovery had been filed on behalf of the Defendant prior to seeking the current order of dismissal. The Court took the matter under advisement and ordered the People to provide discovery to defense counsel by no later than close of business that day. *See* Mot. Hr'g Minutes Entry at 10:02:14 AM to 10:03:09 AM (Jul 28, 2023).

## LEGAL ANALYSIS

I.  **Neither Defendant's Statutory Right to Discovery nor Defendant's Constitutional Right to Adequately Prepare Defense nor Were Violated.**

A.  **The People satisfied its statutory obligation under 8 GCA §70.10.**

8 GCA § 70.10 imposes the following discovery obligations on prosecutors:

> (a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:
>
> > (1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;
> > (2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;
> > (3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 4 of 9

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

(5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;

(6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

(b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

8 GCA § 70.10.

When a party fails to comply with a court's discovery orders, "the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." *See* 8 GCA § 70.45. While dismissal is a possible remedy, it is considered "better policy…to apply sanctions which affect the evidence at trial and the merits of the case as little as possible." *See People v. Naich*, 2013 Guam 7 ¶ 28 (quoting *People v. Tuncap*, 1998 Guam 13 ¶ 23 (internal quotation marks omitted)). However, "dismissal is appropriate where governmental misconduct is 'grossly shocking and so outrageous as to violate the universal sense of justice.'" *See id.* (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)). The Court finds that the government's conduct does not require dismissal under the relevant statutes or *Naich*.

Here, the Defendant requests this Court to dismiss the case against him with prejudice because the People have failed their statutory obligation to provide discovery after numerous

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 5 of 9

requests by the Defendant. *See* Motion at 5. The People have informed the Court through their Opposition that discovery was transmitted to the Defendant's appointed counsel on January 28, 2023, before current defense counsel was retained by the Defendant on February 2, 2023. *See* Opposition at 1. PDSC's receipt of the discovery was confirmed on January 30, 2023. See Exhibit to Peoples Opposition.

Based upon the circumstances, the Court may end its inquiry here by finding that the People satisfied its statutory obligation to provide PDSC – Defendant's original court-appointed attorney – discovery and that no discovery violation occurred. The failure of counsel to communicate with previous court-appointed counsel shall not be attributed to the People. However, the Court will nevertheless apply the *Sarcinelli* factors in determining whether dismissal is warranted, assuming arguendo, the People's failure to transmit discovery it had already provided to PDSC to new counsel was somehow in violation of 8 GCA §70.10.

## B. The Defendant's Constitutional Right was not impaired.

In deciding the appropriateness of a sanction for a discovery violation, the Court employs the following factors enumerated in *United States v. Sarcinelli* (1982): 1) reasons why the disclosure was not made; 2) the extent of the prejudice, if any, to the opposing party; 3) the feasibility of rectifying that prejudice by a continuance, and 4) any other relevant circumstances. *People v. Tuncap*, 1998 Guam 13 at ¶ 25 (Guam July 20, 1998) ((applying factors set forth in *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir.1982)). By applying the *Sarcinelli* factors to the above-captioned matter, the Defendant's Motion is denied.

**First, the People timely provided discovery to PDSC; therefore disclosure was made.** During the hearing, it was determined that Ms. Taimanao-Ayuyu did not receive discovery from

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 6 of 9

PDSC after she was later retained by the Defendant. Attendant to current counsel's agreement to serve as Defendant's attorney instead of PDSC is the obligation to exchange discovery previously provided by the People. Defendant has not cited any authority further obligating the People to re-deliver all discovery once it satisfied its obligation to counsel who has entered his or her appearance on Defendant's behalf. Indeed, there was no communication between Ms. Taimanao-Ayuyu and PDSC included in the filings to the Court evidencing any request to prior counsel for discovery already received by PDSC. On the contrary, PDSC confirmed receipt of the discovery on January 30, 2023.

**Second, the Defendant suffered no prejudice.** Considering the deadlines set forth in the Court's CTSO, there is no prejudice to the Defendant that warrants a dismissal. The Defendant is released in this matter. *See* Order of Conditional Release and Appearance Bond, Jan. 21, 2023. The Defendant has not asserted his right to speedy trial in this matter. *See* Arraignment Hr'g Minutes, Feb. 8, 2023 (indicating the Defendant waived his right to speedy trial). The Defendant did not file a Motion for Discovery nor a Motion to Compel Discovery in this matter prior to seeking dismissal – the most severe remedy available for a discovery violation (which the Court has found did not occur here). It is notable that at no time did Defendant seek the discovery which was already in the possession of PDSC. At the time Defendant filed his Motion to Dismiss on April 14, 2023, the discovery deadlines had not passed and, importantly, jury trial was not scheduled until September 13, 2023.

**As to the third *Sarcinelli* factor, a continuance of the trial is a feasible rectification of such argued prejudice to the Defendant**. As noted previously, the trial of this matter was not scheduled until September 13, 2023, when the Defendant filed his motion to dismiss. Indeed, by

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 7 of 9

the mere filing of the Motion to Dismiss and the pendency of the Court's decision, additional time has been provided to the parties to engage in ongoing discovery. Thus, assuming any prejudice resulted to Defendant by the People's failure to provide discovery to new counsel (which the Court has declined to find), the Court's issuance of new dates for trial – which shall follow the issuance of this Decision and Order – will resolve any issue of adequate time to prepare for trial.

**The fourth *Sarcinelli* factor: other relevant circumstances also dictates against dismissal.** The Guam Supreme Court's declared in *Tuncap* that "dismissal [for discovery violations] would not accomplish the goal of compliance. Instead, dismissal prevented the case from going forward on its merits." *People v. Tuncap*, 1998 Guam 13 at ¶ 27 (Guam July 20, 1998).

As is evident, several factors under the circumstances justify denial of Defendant's Motion: the Defendant filed a Motion to Dismiss before to seeking discovery from prior counsel; Defendant filed the Motion to Dismiss before seeking an alternative remedy from the Court in the form of a Motion to Compel; the Motion to Dismiss preceded the Court's Trial Scheduling Order establishing cut-off dates for discovery and other motions, including, ironically, motions for discovery. Even if there were a delay by the People in providing discovery or in assisting new counsel to obtain the discovery from prior counsel, such action is not tantamount to behavior which is "grossly shocking and so outrageous as to violate the universal sense of justice."

It is noted that during the hearing on July 28, 2023, the Court ordered the People to provide discovery to Ms. Taimanao-Ayuyu by close of business on that day. *Hrg. Minutes* at 10:02:14. The Court also admonished the People that failure to do so would result in an Order to Compel. *Id.* The Court has not been informed of any failure of the People to have complied with the order.

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page 8 of 9

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss is hereby **DENIED.** The Court shall issue new dates for trial under separate cover.

SO ORDERED this **10/25/2023**.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

SERVICE VIA EMAIL

I acknowledge that an electronic
copy of the original was e-mailed to:

AG, R. Taimanao-Ayuyu

Date: 10/25/23 Time: 12:46pm

Antonio C Cruz
Deputy Clerk, Superior Court of Guam

*People of Guam vs. Patrick James Flores Uncangco*
Criminal Case No. CM0023-23
Decision and Order re. Defendant's Motion to Dismiss with Prejudice
Page **9** of **9**